UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOUIS NAES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Case No. 4:19-cv-02132-SEP |
| | ) |
| THE CITY OF ST. LOUIS, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Strike Portions of Plaintiff's Second Amended Complaint submitted by Defendants City of St. Louis ("City"), Major Angela Coonce, and Chief John Hayden (collectively, "Defendants"). Doc. [18]. The motion is fully briefed.[1] For the reasons set forth below, the motion is denied.

**Legal Standard**

A court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Striking a party's pleading . . . is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citing *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)). Motions to strike are infrequently granted, but resolution of such a motion lies within the broad discretion of the Court. *Stanbury*, 221 F.3d at 1063.

---

[1] On March 30, 2020—after this motion was briefed—Plaintiff filed his Second Amended Complaint (Doc. [28]) adding claims under the Missouri Human Rights Act, which he could not have included earlier because he was awaiting his Right to Sue letter from the Missouri Commission on Human Rights. Doc. [29]. The parties requested that the Court apply previously filed motions to the Second Amended Complaint, *id.*, which request the Court granted on April 1, 2020. Doc. [30].

1

"To prevail on a motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." *Laney v. City of St. Louis*, No. 4:18-CV-1575 CDP, 2019 WL 2423308, at *8 (E.D. Mo. June 10, 2019) (quoting *Aldridge v. City of St. Louis*, No. 4:18-CV-1677 CAS, 2019 WL 1695982, at *15 (E.D. Mo. Apr. 17, 2019). "If there is any doubt whether the matter may raise an issue, the motion should be denied." *Tucker v. Wal-Mart Stores, Inc.*, No. 1:06-CV-19 CAS, 2006 WL 1134712, at *4 (E.D. Mo. Apr. 26, 2006) (citing 2 James W. Moore et al., *Moore's Federal Practice* § 12.37[3] (3d ed. 2005)). "If allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party." *Id.*

## Discussion

Defendants seek to strike ¶¶ 12-21 of Plaintiff Louis Naes's Second Amended Complaint (Doc. [28]). Those ten paragraphs concern Randy Grim, the founder of Stray Rescue STL. Naes claims that Grim was involved in illegal activities and that he made racist and anti-heterosexual comments. Naes also refers to Grim's own sexual orientation, suggesting a kinship on that basis with Defendant Coonce. Defendants argue that, since Grim is neither a City employee nor a party to this case, the "immaterial, impertinent, and scandalous" accusations against him should be struck. Doc. [18] at 2. They further argue that Grim's alleged comments are not probative of issues related to Naes's sex discrimination claim and were allegedly made before Hayden became police chief. *Id.* at 3. Finally, Defendants argue that it is an unnecessary burden on Defendants if they are forced to answer allegations concerning the behavior of a non-party/non-employee over whom Defendants have no control. *Id.*

Naes responds that ¶¶ 12-21 "support [Naes's] claims that he was not removed and reappointed to his position based upon any alleged deficiencies in his job performance to support

2

his discrimination claim." Doc. [21] at 4.  He argues that the allegations provide a partial basis for "Coonce's gender-based animus against [him]," and that the evidence will show that Coonce "has a bias and prejudice against men who conform to traditional male stereotypes, like [Naes], while having a bias in favor of (to include protecting) those who do not [i.e., Grim]." *Id.*

Defendants have not met the high bar required to strike portions of Naes's complaint. According to Naes, Grim's alleged conduct and comments support Naes's claim that Defendant Coonce is biased against men who conform to traditional male stereotypes, such as Naes.  This is "important context and background" to Naes's lawsuit.  *Stanbury*, 221 F.3d at 1063.  Given Grim's alleged statements about having the last laugh when Coonce is in charge, and the speed with which Naes alleges that Coonce "had him removed" from his detective assignment after Coonce's promotion, the Court finds that the disputed paragraphs have some "bearing on the subject matter" of this suit.  Moore et al., *supra*, § 12.37[3].  Therefore, the Court declines to take the "extreme and disfavored measure" of striking them.  *BJC Health Sys.*, 478 F.3d at 917.

## Conclusion

For the foregoing reasons, Defendants' Motion to Strike Portions of Plaintiff's Second Amended Complaint (Doc. [28]) is **DENIED.**

Dated this 13th day of October, 2020.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3