**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LOUIS NAES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:19-cv-2132-SEP |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are the parties' memoranda on the impact of *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024), on the Court's Order of Judgment dated April 15, 2022, Doc. [147]. *See* Docs. [170], [172], [173], [174], [177].

This Court originally found that Plaintiff had adduced sufficient evidence in response to Defendants' motion for summary judgment to allow a reasonable jury to find that, in being transferred and then passed over for rehiring, he had suffered sufficient harm to sustain his Title VII claims against the City.  *See* Doc. [137] at 12.  Days later, the Eighth Circuit handed down its decision in *Muldrow v. City of St. Louis*, 30 F.4th 680, 692 (8th Cir. 2022), finding that similar facts were insufficient to sustain a Title VII claim as a matter of law.  This Court granted Defendants' motion for reconsideration pursuant to *Muldrow*, reversing its denial of summary judgment to the City on Plaintiff's Title VII claims, *see* Doc. [147], and the Eighth Circuit affirmed.  *See Naes v. City of St. Louis, Missouri*, 2023 WL 3991638, at *2 (8th Cir. June 14, 2023), *reh'g granted and opinion vacated*, 2024 WL 3421389 (8th Cir. July 12, 2024).

The Eighth Circuit held off on issuing the mandate in this matter after the Supreme Court granted certiorari to the City of St. Louis in *Muldrow*.  *Naes v. City of St. Louis, Missouri*, 22-2021 (8th Cir. Dec. 8, 2023).  After briefing and oral argument, the Supreme Court reversed the Eighth Circuit on precisely the issue that had been dispositive in this case:  whether Muldrow's harms were sufficient to sustain a Title VII claim.  Far from finding Muldrow's harms insufficient as a matter of law, the Supreme Court found that that they were sufficient "with room to spare."  *Muldrow*, 601 U.S. at 359.  After *Muldrow* was decided, the Eighth Circuit remanded this matter for further proceedings in light of that decision.  Doc. [159].

On remand, the City sought, and was granted, the opportunity to argue against the reinstatement of Counts I and II in light of *Muldrow*, but the City has failed to counter the plain fact that the rationale for the Court's reconsideration of summary judgment has been upended. The Court's initial determination—that Plaintiff had made a sufficient showing of harm for a reasonable trier of fact to find in his favor on his Title VII claims against the City—has gone from being *pro*scribed to being *pre*scribed by *Muldrow*. The City has not persuaded the Court to the contrary, and the Court rejects its unsolicited arguments on issues unrelated to *Muldrow* in the context of what was supposed to be limited supplemental briefing.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Order of Judgment of April 15, 2022, Doc [148], is **VACATED**. Plaintiff's Counts I and II against Defendant City of St. Louis are **REINSTATED**.

**IT IS FURTHER ORDERED** that trial in this matter is set for **August 24, 2026**, in the courtroom of the undersigned, with a final pretrial conference on **August 19, 2026**, at 1:00 p.m.

**IT IS FURTHER ORDERED** that this case shall be referred to alternative dispute resolution on **May 19, 2026**, and that reference shall terminate on **July 20, 2026**.

**IT IS FURTHER ORDERED** that the parties shall jointly submit proposed jury instructions for the Court's review no later than **July 24, 2026**. The single filing should contain a list of agreed-upon instructions with phrasing disagreements clearly noted, followed by any additional instructions requested, categorized by requesting party. Each proposed instruction should include the authorities relied on.

**IT IS FINALLY ORDERED** that the parties shall have **fourteen (14) days** from the date of this order to file a motion to continue sealing and a memorandum in support thereof, in compliance with Local Rule 13.05, in order for any portions of Doc. [137] or any exhibits cited therein to remain under seal. *See* Doc. [145], [153]. If no such motion is filed, Doc. [137] shall be unsealed in its entirety **thirty (30) days** from this date, and the parties shall thereafter file unsealed and unredacted versions of the exhibits and documents cited therein within **sixty (60) days** from this date. Further, because all citations to the record are directed to redacted, unsealed versions, for any citation portion of the record that is currently redacted but for which the parties do ***not*** request continued sealing (i.e., where the cited portion of the document and/or exhibit will

2

become public), the parties shall file an unredacted and unsealed copy of the cited portion of that exhibit and/or document.

A separate Amended Order of Judgment shall be filed herewith.

Dated this 19th day of May, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE